IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ALEXANDER FILL,** ) | |
|     **Petitioner,** ) | **C.A. No. 22-252 Erie** |
| ) | |
| v. ) | **District Judge Susan Paradise Baxter** |
| ) | **Chief Magistrate Judge Richard A. Lanzillo** |
| **SUPERINTENDANT MELINDA** ) | |
| **ADAMS, et al.,** ) | |
|     **Respondents.** ) | |

### MEMORANDUM ORDER

This *pro se* action for habeas corpus relief was filed by Petitioner Richard Alexander Fill, pursuant to 28 U.S.C. § 2254. At the time he filed his petition, Petitioner was incarcerated at the State Correctional Institution at Mercer, Pennsylvania ("SCI-Mercer"), serving a sentence of imprisonment imposed by the Court of Common Pleas of Erie County, Pennsylvania.[1] The petition was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The record indicates that Petitioner was convicted at a nonjury trial of assault of a law enforcement officer, criminal mischief, simple assault, recklessly endangering another person, possession of a controlled substance, and possession of drug paraphernalia, and was sentenced on January 23, 2017, to an aggregate term of 5½ to 12 years' imprisonment followed by two years of probation. Following a direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on January 30, 2018. Petitioner filed a timely *pro se* petition pursuant to

---

[1] Petitioner has since been released from incarceration and currently resides in Erie, Pennsylvania, where he continues to be on probation. Thus, he is still considered to be in custody for purposes of his petition. See Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004).

1

the Pennsylvania Post-Conviction Relief Act, 42 Pa. C.S.A. § 9541, et seq. ("PCRA"), which was granted on November 8, 2018, and Petitioner's right to file post-sentence motions was reinstated *nunc pro tunc*.

Petitioner subsequently filed post sentence motions, which were denied. Petitioner then filed a direct appeal with the Pennsylvania Superior Court, which affirmed the judgment of sentence on August 25, 2020. On October 25, 2020, Petitioner filed a PCRA petition, which was dismissed, which dismissal was affirmed by the Pennsylvania Superior Court on May 31, 2022.

Petitioner filed the instant habeas petition on August 15, 2022, in which he raises four grounds for relief: (1) ineffective assistance of trial counsel; (2) violation of Fourth Amendment rights; (3) violation of due process rights; and (4) insufficient evidence to support his convictions for assault of a law enforcement officer and criminal mischief. As relief, Petitioner asks the Court to "reverse the guilty verdicts and dismiss the charges against him in this action with prejudice," or, alternatively, to grant an evidentiary hearing. (ECF No. 4, at p. 28).

On December 18, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the instant petition be denied and that no certificate of appealability be issued [ECF No. 21]. In particular, Judge Lanzillo found that: (1) Petitioner's ineffective assistance of counsel claim fails because he "does not argue that the Superior Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," and "he does not argue that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," as required by 28 U.S.C. § 2254(d) (Id. at p. 7); (2) Petitioner's Fourth Amendment claim fails because he "does not identify which factual determination was unreasonable or set forth the basis for such inaccuracy," nor does he "set forth

any clearly established law, as determined by the Supreme Court of the United States, to which the Superior Court's ruling was contrary" (Id. at p. 9); (3) Petitioner's due process claim fails because "he does not address in his petition the Superior Court's holdings in any respect" and, has not otherwise met his burden under 28 U.S.C. § 2254(d) (Id. at pp. 10-11); and (4) Petitioner's insufficiency of evidence claim fails because he "has not satisfied his burden of proving that the Superior Court's decision to deny his challenge to the sufficiency of the evidence was an "unreasonable application of" Jackson v. Virginia, 443 U.S. 307 (1979) (Id. at p.13).

Objections to the R&R were filed by Petitioner on December 31, 2024 [ECF No. 22], in which Petitioner argues that Judge Lanzillo failed to consider or address the arguments raised by Petitioner in his reply to the District Attorney's answer, which was filed on February 13, 2023 [ECF No. 17]. According to Petitioner, all of the findings in the R&R regarding Petitioner's failure to address the Superior Court's rulings and/or to satisfy his burdens of proof regarding his claims are in error because the Magistrate Judge failed to consider his reply. (ECF No. 22, at p. 3-4). These objections are without merit.

While the Court acknowledges that the R&R does not contain any direct reference to Petitioner's reply, this amounts to nothing more than harmless error as, contrary to Petitioner's assertions, the reply does nothing to invalidate the Magistrate Judge's findings in the R&R. Indeed, after thoroughly reviewing the 53-page reply upon which Petitioner bases his objections, the Court finds few, if any, references to the Superior Court's rulings at issue in this case, and fails to cite any clearly established law, as determined by the Supreme Court of the United States, to which any of the Superior Court's rulings are contrary. Instead, the reply merely

reiterates the same factual and legal arguments raised in Petitioner's habeas petition and underlying state court proceedings.

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 16th day of May, 2025,

IT IS HEREBY ORDERED that the within petition for a writ of habeas corpus is DENIED, with prejudice, and the report and recommendation of Chief Magistrate Judge Lanzillo, issued on December 18, 2024 [ECF No. 21], is adopted as the opinion of this Court. As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

                                                                                       SUSAN PARADISE BAXTER
                                                                                       United States District Judge

cc:    The Honorable Richard A. Lanzillo
        Chief United States Magistrate Judge

        All parties of record